August 17, 2012

The Honorable Dennis Bonnen
Chair, Select Committee on Voter
    Identification and Voter Fraud
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0961

Re: Whether Conservation and Reclamation District Number Three in Brazoria County may conduct operations within the boundaries of another district (RQ-1046-GA)

Dear Representative Bonnen:

You ask two questions concerning the authority of a conservation and reclamation district "to conduct works within [the boundaries of] another . . . district."[1] You first ask whether the Brazoria County Conservation and Reclamation District Number Three (hereinafter "the District") may conduct works in another district "without any prior verbal or written contract (interlocal agreement) or prior verbal or written permission." Request Letter at 2. You further ask whether the District would have to work "in accordance with [the other district's] rules or in accordance with its own rules [or] methods." *Id.* You do not provide us with any information about the District's proposed works or the specific manner in which they would impact the other district. Therefore, we limit our analysis to a general discussion of the District's legal authority and express no opinion on any particular course of action.

The District "shall be a governmental agency and body politic and corporate . . . ." Act of May 8, 1969, 61st Leg., R.S., ch. 307, § 4, 1969 Tex. Gen. Laws 948, 949 (the "Act"). The powers of governmental agencies or bodies corporate "are measured by the terms of the statutes which authorized their creation, and they can exercise no authority that has not been clearly granted by the Legislature." *Tri-City Fresh Water Supply Dist. No. 2 of Harris Cnty. v. Mann*, 142 S.W.2d 945, 948 (Tex. 1940). "In the absence of a constitutional limitation, it is within the power of the legislature to determine in what areas, either within or without its boundaries, [a] political subdivision may conduct its operations." *State ex rel. Grimes Cnty. Taxpayers Ass'n v. Tex. Mun. Power Agency*, 565 S.W.2d 258, 273 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ dism'd). Thus, we examine the legislative act creating the District and general-law statutes applicable to the District to determine the scope of its authority outside its boundaries.

---

[1]*See* Letter from Honorable Dennis Bonnen, Chair, Select Comm. on Voter Id. & Voter Fraud, to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Mar. 5, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

The District is "organized and existing for the reclamation and drainage of its overflowed lands and other lands needing drainage, and the navigation of inland and coastal waters within the district or adjacent thereto." Act of May 8, 1969, 61st Leg., R.S., ch. 307, § 4, 1969 Tex. Gen. Laws 948, 949. In furtherance of this goal, the Act provides that the District "is hereby granted the right, function, power and authority, *both within and outside the boundaries of the district*" to engage in a wide variety of actions necessary to accommodate or facilitate navigation within the District or adjacent thereto. *Id.* § 5(a)–(c), 1969 Tex. Gen. Laws at 949–50 (emphasis added). For example, the District is empowered to take certain actions with respect to "all works and improvements *within and outside the boundaries of the district necessary to accomplish the rights, powers, functions and authorities set forth in this Act . . . .*" *Id.* § 5(c), 1969 Tex. Gen. Laws at 950 (emphasis added). In addition, the District "may acquire the fee simple title to, or a lease upon, or an easement upon, *all lands, both public or private, either within or beyond the boundaries of the district. . . .*" *Id.* § 9, 1969 Tex. Gen. Laws at 951 (emphasis added). "The [D]istrict shall have the right to operate all such plants, works and improvements, and to contract for the use of, and sell its facilities, or services to or by another, *either within or beyond the boundaries of the district. . . .*" *Id.* § 10, 1969 Tex. Gen. Laws at 951 (emphasis added). Moreover, general law applicable to all water districts provides that their directors, engineers, attorneys, agents, operators, and employees "may go on *any land*" for certain purposes in connection with the proposed location of public works. TEX. WATER CODE ANN. § 49.221(a) (West 2008) (emphasis added).

This broad grant of power is not, however, without limits. If the District shares a watershed with another district and determines that construction of improvements in the shared watershed would be a public benefit and would accomplish the purposes of article III, sections 52(b)(1), (2), and (3) of the Texas Constitution, the Water Code requires the District to first propose an interlocal agreement with the other district before exercising its authority in the shared watershed.[2] *See id.* § 56.144 (West 2002). Thus, in answer to your first question, the District may generally act beyond its boundaries as necessary to accomplish its statutorily defined functions. However, if the District shares a watershed with another district, an interlocal agreement may first be required to comply with section 56.144 of the Water Code.

The answer to your second question, whether the District is required to follow its own rules or those of the district within which it conducts works, will likely depend upon a variety of factors, including the particular circumstances of the project at issue. You do not provide us with any specific facts regarding the project contemplated by the District. Accordingly, we do not address your second question.

---

[2]If the agreement is not executed within a certain period of time, the Texas Commission on Environmental Quality can be petitioned to approve the plan, upon which approval the District "shall be authorized to implement the plan within the boundaries of the other district." TEX. WATER CODE ANN. § 56.144 (West 2002).

## S U M M A R Y

The Brazoria County Conservation and Reclamation District Number Three may generally act beyond its boundaries as necessary to accomplish its statutorily defined functions. Water Code section 56.144 requires that if the District shares a watershed with another district and determines that construction of improvements in the watershed would be a public benefit and would accomplish the purposes of article III, sections 52(b)(1), (2), and (3) of the Texas Constitution, the District may not exercise its authority without first proposing an interlocal agreement or receiving approval from the Texas Commission on Environmental Quality. Without specific facts regarding the project to be conducted within the boundaries of another district, we cannot opine on whether the District is required to follow its own rules or those of the other district.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee